UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| SCOTTSDALE INSURANCE COMPANY,<br>        *Plaintiff,* | §<br>§<br>§<br>§<br>§<br>§ | |
| **v.** | §<br>§<br>§ | **CIVIL ACTION NO.: 9:26-CV-00062** |
| PANOLA SIGN & BARRICADE INC.,<br>MARCELINO RIVERA AND DARIELA<br>MONTELONGO,<br>        *Defendants*. | §<br>§<br>§<br>§<br>§<br>§ | |

## COMPLAINT FOR DECLARATORY JUDGMENT

NOW INTO COURT, comes Scottsdale Insurance Company ("Scottsdale"), by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 2201-2202 and Federal Rule of Civil Procedure 57, hereby seeks declaratory judgment against Defendants, Panola Sign & Barricade, Inc. ("Panola"), Marcelino Rivera and Dariela Montelongo ("Underlying Plaintiffs") (all of whom are collectively, "Defendants") for purposes of determining questions of actual, immediate controversy regarding the rights and obligations of the parties in connection with the lawsuit styled *Marcelino Rivera and Dariela Montelongo vs. Morris County Contractors, LLC* et al., Case no. C2540796, pending in the 145th Judicial District Court of Nacogdoches County of Texas (the "Underlying Lawsuit").

### PARTIES

1.      At all relevant times, Scottsdale was, and still is, a corporation organized and existing under the laws of Ohio with its principal place of business in Arizona.

2.      At all relevant times, Panola was, and still is, a Texas company whose principal place of business is located in Texas, and who may be served with process through its registered agent, James D. Lawless, Private Road 7281, Deberry, Texas 75639.

3.      At all relevant times, Marcelino Rivera was, and still is, a Texas citizen and resident. Mr. Rivera may be served with process at 1226 County Road 915, Nacogdoches, Texas 75964-4406.

4.      At all relevant times, Dariela Montelongo was, and still is, a Texas citizen and resident. Ms. Montelongo may be served with process at 1226 County Road 915, Nacogdoches, Texas 75964-4406.

5.      Underlying Plaintiffs are individuals and parties with an interest in the outcome of this litigation because they are the plaintiffs in the Underlying Lawsuit, who must be joined to this litigation because even though neither they nor the estate they represent are parties to the Policy at issue, same will not be bound by a judgment rendered as to the Policy's scope of coverage unless the Underlying Plaintiffs are made a party to this lawsuit. *Dairyland County Mutual Insurance v. Childress,* 650 S.W.2d 770 (Tex. 1983*)*

## JURISDICTION AND VENUE

6.      There is complete diversity of citizenship between Scottsdale, a citizen of Ohio and Arizona, and all Defendants who are citizens of Texas.

7.      The amount in controversy exceeds $75,000.

8.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1332 and 2201.

9.      Panola and Underlying Plaintiffs are subject to the personal jurisdiction of this Court.

PD.60308863.1

10.     Venue is proper in this Court under 28 U.S.C. § 1391(b) because the accident at issue—*i.e.*, a substantial part of the events giving rise to the claim—occurred in Nacogdoches County, Texas, which is located in this Court's judicial district.[1]

## NATURE OF THE CLAIM

11.     Scottsdale issued Policy No. CPS8047675 ("Policy") to Panola for the period August 11, 2024 to August 11, 2025.[2]

12.     Scottsdale seeks a declaratory judgment that the Policy's Exclusion—Total Aircraft, Auto Or Watercraft With Limited Exceptions Endorsement ("Total Auto Exclusion") precludes coverage for the claims asserted in the Underlying Lawsuit. On this basis, Scottsdale also seeks a declaratory judgment that it owes no duty to defend or indemnify Panola in the Underlying Lawsuit.

## FACTUAL BACKGROUND

### The Underlying Lawsuit

13.     Underlying Plaintiffs filed the Underlying Lawsuit against Panola and others on November 25, 2025, seeking damages arising from a motor vehicle accident ("Accident") that occurred on November 26, 2024, in Nacogdoches, Texas.[3]

14.     According to the Underlying Plaintiffs, the Accident occurred when Angel Marcelino Rivera Montelongo's vehicle was side-swiped by a vehicle traveling eastbound in the westbound lane on SH 21.[4]

---

[1] *See* 28 U.S.C. § 1391(b).
[2] A copy of the Scottsdale Policy is attached hereto as Exhibit "A."
[3] Exhibit B, Underlying Lawsuit Petition.
[4] Exhibit B, Para. 8.

PD.60308863.1

15.     The Underlying Lawsuit alleges that "both collisions" occurred within a "construction zone with no sign warning no center line."[5]

16.     All defendants in the Underlying Lawsuit are alleged to have been repaving a section of the road.[6]

17.     Angel Marcelino Rivera Montelongo is the son of the Underlying Plaintiffs.[7]

18.     The Underlying Lawsuit alleges negligence against all defendants for the following:

> a.  In that Defendants failed to properly provide notice to Plaintiffs' son and the other vehicles involved in the incident of no center line being present in the section of the road in which was being repaved and where the incident occurred.
>
> b.  In that Defendants failed to properly maintain the road in a safe manner that would not be dangerous to the Plaintiff's son and the public at large.[8]

19.     Underlying Plaintiffs seek recovery of loss of services in the past and future; mental anguish in the past and future; loss of companionship; exemplary damages; and in the prayer seek pre-judgment and post-judgment interest and courts costs.[9]

### The Policy

20.     The Scottsdale Policy affords coverage to Named Insureds thereunder, subject to certain terms, conditions, limitations, and exclusions.[10]

---

[5] *Id.*
[6] *Id.*
[7] *Id.*
[8] Exhibit B, Para. 10-11.
[9] Exhibit B, Para. 12 and prayer.
[10] *See generally* Exhibit B, the Policy.

21.     The Policy's Commercial General Liability Coverage Form states that "[t]hroughout this policy the words 'you' and 'your' refer to the Named Insured [Panola] shown in the Declarations, and any other person or organization qualifying as a Named Insured under this Policy" and "[t]he word 'insured' means any person or organization qualifying as such under Section II – Who Is An Insured."[11]

22.     The Insuring Agreement of the Policy's Coverage A – Bodily Injury And Property Damage Liability section states, in relevant part:

> a.      We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.[12]

23.     The Policy's Commercial General Liability coverage part defines "occurrence" to mean "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."[13] "Bodily injury" means "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time."[14]

24.     The Policy's Exclusion—Total Aircraft, Auto Or Watercraft With Limited Exceptions Endorsement ("Total Auto Exclusion"), replaces in the Commercial General Liability Coverage Form Exclusion g., Aircraft, Auto Or Watercraft, as follows:

**EXCLUSION – TOTAL AIRCRAFT, AUTO OR
WATERCRAFT WITH LIMITED EXCEPTIONS**

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

---

[11] *See* Exhibit B at CGL Form 00 01 04 13, p. 1 of 16.
[12] *See* Exhibit B at CGL Form 00 01 04 13, p. 1 of 16.
[13] *See* Exhibit B at CGL Form CG 00 01 04 13 at p. 15 of 16, #13.
[14] *See* Exhibit B at CGL Form CG 00 01 04 13 at p. 15 of 16, #3.

A.  **SECTION I—COVERAGES, COVERAGE A—BODILY INJURY AND PROPERTY DAMAGE LIABILITY**, paragraph **2. Exclusions**, subparagraph **g. Aircraft, Auto Or Watercraft** is deleted in its entirety and replaced by the following:

**g.  Aircraft, Auto Or Watercraft**

"Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any and all aircraft, "auto" or watercraft. Use includes operation and "loading or unloading."

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured.

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the failure to protect persons or property against any aircraft, "auto" or watercraft as a dangerous condition, defect or activity, including any actual or alleged failure to maintain a reasonably safe premises, failure to warn, or failure to provide security or safety measures.

This exclusion applies regardless of whether the aircraft, "auto" or watercraft is owned or operated by or rented or loaned to any insured or any other person or entity.

∗ ∗ ∗ ∗[15]

25.  The Policy defines "auto" as:

a.  A land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment; or

b.  Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.[16]

26.  The Policy also includes the Punitive or Exemplary Damage Exclusion

Endorsement, which bars coverage as follows:

> In consideration of the premium charged, it is agreed that this policy does not apply to a claim of or indemnification for punitive or exemplary damages.

---

[15] *See* Exhibit B at Form GLS-690 (03-23) at p. 1 of 2.
[16] *See* Exhibit B at CGL Form CG 00 01 04 13 at p. 15 of 16, #2.

- 6 -

> Punitive or exemplary damages also include any damages awarded pursuant to statute in the form of double, treble or other multiple damages in excess of compensatory damages.
>
> If suit is brought against any insured for a claim falling within coverage provided under the policy, seeking both compensatory and punitive or exemplary damages, then the Company will afford a defense to such action; however, the Company will have no obligation to pay for any costs, interest or damages attributable to punitive or exemplary damages.

27.     The Underlying Lawsuit does not allege a claim of gross negligence but seeks recovery of exemplary damages.

28.     In the unlikely event that coverage is owed, Scottsdale pleads that the Punitive or Exemplary Damage Exclusion Endorsement bars any recovery of exemplary damages.

29.     Although the Total Auto Exclusion precludes coverage for the Underlying Plaintiffs' claims, as alleged, Scottsdale agreed to defend Panola against the Underlying Lawsuit subject to a reservation of rights to deny coverage.

## COUNT I – DECLARATORY RELIEF

30.     Scottsdale adopts and incorporates by reference the allegations set forth in the preceding paragraphs above as though completely and fully set forth herein.

31.     An actual, present, and existing controversy exists among the parties to this lawsuit regarding the coverage afforded under the Policy for the claims asserted in the Underlying Lawsuit. The Court's making a declaration regarding these issues will confer certainty on the parties with respect to their rights and obligations under the Policy.

32.     Pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, Scottsdale seeks a judicial declaration of its rights and duties under the Policy. The Court's declaration will confer certainty on the parties and serve the interests of justice.

PD.60308863.1

33.     The liability alleged against Panola and the damages sought in the Underlying Lawsuit exclusively arise out of the actions falling within the scope of the Total Auto Exclusion; therefore, the Total Auto Exclusion's unambiguous terms apply to preclude coverage for the plaintiffs' claims against Panola in the Underlying Lawsuit.

34.     Scottsdale seeks a declaration that the Policy does not provide coverage, including defense and indemnity, for the Underlying Lawsuit due to the application of the Total Auto Exclusion.

35.     In the unlikely event that coverage is owed, Scottsdale further pleads that the Punitive or Exemplary Damage Exclusion Endorsement applies to bar any coverage for an award of exemplary damages.

36.     In addition to the foregoing, Scottsdale pleads all other conditions, terms, warranties, limitations, definitions, and exclusions of the Policy, which also may be found to be applicable as Scottsdale's investigation of this matter continues, and reserves the right to amend its Complaint as additional and/or more specific information becomes available.

WHEREFORE, Scottsdale Insurance Company respectfully prays that this Honorable Court:

A.  That process be issued as required by law and the Defendants be served with copies of the Summons and Complaint for Declaratory Judgment;

B.  For a declaration by the Court declaring the rights and obligations of the parties under the Policy, including a judgment that the Policy's Total Auto Exclusion precludes coverage for the Underlying Lawsuit and, therefore, Scottsdale owes no defense and/or indemnity in the Underlying Lawsuit.

PD.60308863.1

C.  For a declaration by the Court declaring the rights and obligations of the parties under

the Policy, including a judgment that the Policy's Punitive or Exemplary Damage

Exclusion Endorsement precludes coverage for the Underlying Lawsuit as to any award

of exemplary damages; and

D.  For all such other and further relief as this Court deems just and proper.

Respectfully submitted,

PHELPS DUNBAR LLP


*/s/Mary "Amy" Cazes Greene*
Mary "Amy" Cazes Greene
TBN 24005647, Fed. Bar 22671
1001 Fannin., Ste. 2200
Houston, Texas 77002
Phone: (713) 626-1386
Fax: (713) 626-1388
Email: amy.greene@phelps.com

**ATTORNEY FOR PLAINTIFF SCOTTSDALE
INSURANCE COMPANY**